IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE CLEMONS, #31113-509, Petitioner, | § § § § | |
| v. | § § | No. 3:25-cv-1411-S (BT) |
| BUREAU OF PRISONS, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Federal prisoner Lonnie Clemons petitioned for habeas relief under 28 U.S.C. § 2241, claiming that the Bureau of Prisons (BOP) has acted illegally by not transferring him to home confinement in accordance with his "conditional transition to community date" and a May 28, 2025 BOP directive to expand the use of home confinement for eligible individuals under the First Step Act (FSA) and Second Chance Act (SCA). *See generally* Pet. (ECF No. 3). He asks the Court to order his release to home confinement. *Id.* at 7. But such relief can be obtained only in a civil rights suit—not a habeas petition—so, as explained below, Petitioner's § 2241 petition should be dismissed without prejudice.

The Fifth Circuit has held that a habeas petition "is the proper vehicle to seek release from custody," while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the "proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). "The 'bright-

line rule' [the Fifth Circuit] has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.* And requested relief in the form of transfer to home confinement would not entitle a petitioner to accelerated release and is properly pursued in a civil rights action—not a habeas petition. *See Maxwell v. Thomas,* 133 F.4th 453, 454 (5th Cir. 2025).

Accordingly, Petitioner must seek transfer to home confinement through a civil rights complaint, and his habeas petition should be dismissed without prejudice. *See Lineberry v. United States,* 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("The district court correctly dismissed [a petitioner's section 2241] claims without prejudice based on a determination that [the petitioner] must seek such remedies in a civil rights action."); *see also Blackwell v. Warden, FCI Yazoo,* 2025 WL 1370821, at *1 (S.D. Miss. May 12, 2025) (dismissing the petitioner's § 2241 claims seeking transfer to home confinement under the FSA and SCA because such claims must be brought in a civil rights suit).

## Recommendation

For the reasons set forth, Petitioner's 28 U.S.C. § 2241 habeas petition should be dismissed without prejudice.

SO RECOMMENDED.

June 10, 2025

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).